| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| Sonia Saeed, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| *versus* | § § | Civil Action H-13-1000 |
| United States of America, *et al.*, | § § § | |
| Defendants. | § | |

## Opinion on Summary Judgment

1.  *Introduction.*

    A citizen applied for an immigrant visa for her Pakistani husband. The government denied her petition saying that the husband's two prior marriages were shams – evasions of the immigration laws. The wife has appealed. She will take nothing.

2.  *Background.*

    Mansoor Saeed is a citizen of Pakistan. He traveled temporarily to the United States on April 19, 1993. Once in the country, Saeed obtained a student visa extending his stay.

    On April 13, 1994, Saeed married Charlotte Barfield, a United States citizen. Barfield petitioned the government for an immigrant visa that would allow Saeed to remain in the country as her spouse. On May 9, 1996, the government denied the petition, concluding that Saeed's marriage to Barfield was a sham. The government found an absence of documentation and countervailing claims by Barfield about her marital status on leases and government forms.

    On July 5, 1996, Barfield petitioned again for an immigrant visa. In the petition, she claimed not to have petitioned previously. She also contradicted claims she made in the first petition about her and Saeed's residence. On September 30, 2001, the second petition was denied as abandoned, sixteen days after she and Saeed divorced.

    On May 24, 2002, Saeed married Crystal Fisher, another United States citizen. One month after their marriage, Fisher petitioned the government for an immigrant visa. The government interviewed them, and each said conflicting things about the other. Fisher also made countervailing claims about her marital status, residence, and household size on government forms. Fisher later gave birth to a daughter whose father is not Saeed. On

November 5, 2008, Fisher and Saeed divorced. On June 8, 2009, after several visits to Fisher's claimed residences, the government concluded that Saeed's marriage to Fisher was a sham. Fisher's petition was denied September 15, 2009, because of the divorce.

On December 20, 2008, Saeed married Sonia Qaiser, another United States citizen. On March 19, 2009, Qaiser petitioned the government for an immigrant visa. The government interviewed them and got conflicting answers to questions about their courtship and his employment. On July 29, 2010, the government denied Qaiser's petition because of Saeed's two earlier sham marriages.

Qaiser appealed to the board of immigration appeals. On November 11, 2011, the board affirmed the government's denial of her petition. Qaiser then sued to set aside the findings of the United States Citizenship and Immigration Service and to compel the agency to approve her petition.

3.  *Sham Marriages.*

Qaiser says that the United States Citizenship and Immigration Service acted arbitrarily because, in determining Saeed's prior marriages to be shams, it looked beyond the intent of the parties at the time of the marriages.

Qaiser misunderstands the good-faith inquiry. Buzz-phrases, trendy quotations, and slavish recitation of precedent notwithstanding, the inquiry is whether the couple would have married absent the strictures of the immigration laws. In theory, and as quoted *ad nauseam* by Qaiser, this inquiry turns on the intent of the couple. In practice, however, it is divined from conduct and action; it is fact intensive and holistic. The government must look at the objective, verifiable facts to decide – not Qaiser and Saeed's averments. The objective reality of the transaction is what counts, not the self-serving declarations of its participants.

The service considered information from its own investigation rather than simply relying on information from Saeed, Fisher, and Barfield. It was not arbitrary.

Qaiser also says that the Service decided with insubstantial evidence. In determining that Saeed's marriages to Barfield and Fisher were shams, the Service relied on:

- Barfeield's absence from the first two leases signed after her marriage to Saeed.
- Saeed's claim that he was single when Barfield was added to the third lease – years after the marriage.

- Barfield's claims to the Texas Health and Human Services Department that she was single.
- Barfield's claims to Health and Human Services that she lived at a different address than Saeed.
- Incorrect claims by Fisher about Saeed's immigration status.
- Fisher's repeated claims to Health and Human Services that she was single.
- Fisher's repeated claims to Health and Human Services that she lived at an address different than Saeed's.
- Inconsistent answers to questions about how many jobs Saeed had, where he currently worked, where in Pakistan he was from, where he worshiped, how often he worshiped, how Fisher spells her son's name, how often Fisher calls her son, and when Fisher last spoke to Saeed's brother.
- Inconsistent answers at a second interview about how long Fisher and Saeed had been separated.
- Fisher's giving birth to a daughter whose father is not Saeed.
- Neither Fisher nor Saeed living at the residences claimed.

The Service's determination that Saeed's marriage to Barfield and Fisher were shams is supported by overwhelming, hard, cogent facts. The Service was cautious, thorough, and precise – not arbitrary.

4. *Conclusion.*

The Services' decision is not arbitrary. It is supported by substantial evidence, and it will be affirmed. Sonia Qaiser will take nothing from the United States.

Signed on March 20, 2014, at Houston, Texas.

Lynn N. Hughes
United States District Judge

-3-